IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| NATALIA GOMEZ | § | |
| | § | |
| v. | § | CASE NO. 5:21-cv-133 |
| | § | JURY REQUESTED |
| RHODES EXPRESS, LLC, | § | |
| AND COREY MANTEK RHODES | § | |

### DEFENDANT RHODES EXPRESS, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)

PLEASE TAKE NOTICE that Defendant, RHODES EXPRESS, LLC, hereby files this Notice of Removal of Action Under 28 U.S.C. § 1441(a) to remove to this Court the state court action described below:

### BACKGROUND

1. Plaintiff NATALIA GOMEZ, a citizen of Texas residing in Webb County, Texas.[1]

2. Defendant COREY MANTEK RHODES (hereinafter "Corey") is a citizen of California.

3. Defendant RHODES EXPRESS, LLC (hereinafter "Rhodes Express") is incorporated in and has its primary place of business in Mississippi.

4. On or about August 30, 2021, the state action was filed in the 111th Judicial District of Webb County, Texas under Cause No. 2021CVA001651D2; *Natalia Gomez v. Rhodes Express LLC, and Corey Mantek Rhodes*.

5. Defendant Rhodes Express accepted service on **September 8, 2021** and filed their Original Answer on **September 21, 2021**.[2] Defendant Rhodes Express files this Notice of Removal within thirty days of Defendant Rhodes Express receiving notice of Plaintiff's state court proceeding, as required by 28 U.S.C. § 1446 (b).

---

[1] *See* Plaintiff's Original Petition, attached as Exhibit A.
[2] *See* State Court Documents, attached as Exhibit B.

6. Plaintiff's Original Petition affirmatively asserts that she is seeking damages in excess of $1,000,000.[3] Therefore, Plaintiff is clearly seeking damages in excess of $75,000 as required for this Court to have jurisdiction.[4]

7. Defendant has attached the required state court documents pursuant to 28 U.S.C. § 1446 (a).[5]

8. Venue is proper in this District, the Southern District of Texas, Laredo Division, under 28 U.S.C. § 1441 (a) and 28 U.S.C. § 1446 (a) because this District and Division embrace the place where the removed action is pending.

9. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the state court where the action is pending. Defendant made a demand for trial by jury in the state court action.[6]

10. All Defendants who have been served and who have filed an answer consent to this removal.

## BASIS FOR REMOVAL

11. The Federal Court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between... citizens of different States."[7] As set forth, this Court has original jurisdiction over this civil action pursuant 28 U.S.C. § 1332 and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a) because:

---

[3] *See* Exhibit A.
[4] *See* 28 U.S.C. § 1332 and § 1441.
[5] State Court Documents, attached as Exhibit B.
[6] *See* State Court Documents, attached as Exhibit B.
[7] 28 U.S.C. § 1332(a)(1); *see e.g., Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000).

  a. It is a civil action between a citizen of Texas and a corporation of Mississippi (both in incorporation and principal place of business) and citizen of Mississippi; and

  b. It is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.[8]

**A. Diversity of Citizenship**

12. A civil case filed in state court may be removed by the defendant to Federal Court if the case could have been brought originally in Federal Court.[9] Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.[10] At the time of filing this lawsuit, Plaintiff assets in its petition to be a citizen of the State of Texas; Defendant Corey has citizenship in Mississippi; and Defendant Rhodes Express is incorporated in and has its principal place of business in Mississippi. Therefore, on the face of the pleadings, there is complete diversity of citizenship between Plaintiff and Defendants.

**B. Amount in Controversy**

13. Removal is proper when there is complete diversity of citizenship between the true parties to the lawsuit and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest.[11]

14. In *De Aguilar v. Boeing Co.*,[12] the United States Fifth Circuit Court of Appeals held that when a defendant removes such a case, the defendant then has the burden to prove that the amount in controversy exceeds the jurisdictional amount.[13] The *De Aguilar* Court went on to hold

---

[8] *See* Exhibit A.
[9] 28 U.S.C. § 1332(a).
[10] 28 U.S.C. § 1332; *see e.g., Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1359 (11th Cir.1996) (abrogated on other ground by *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1076 (11th Cir. 2000) (overruling *Tapscott* on the issue of calculating the amount in controversy in class action suits).
[11] 28 U.S.C. § 1332(a).
[12] 47 F.3d 1404 (5th Cir.1995).
[13] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir.1995).

that to remand to state court, the plaintiff must establish as a matter of law that, if successful, it would not be able to recover more than the jurisdictional amount.[14]

15. In determining whether the amount in controversy exceeds $75,000, courts must consider the full litany of damages that a plaintiff is seeking, including statutory and punitive damages.[15] Specifically, the court must consider penalties, statutory damages, and punitive damages in calculating the amount in controversy.[16]

16. As applied here, Defendants can meet this burden to prove that the amount in controversy in this case exceeds the federal jurisdictional requirement of $75,000 based on the language of Plaintiff's Petition.[17] As discussed above, Plaintiff's Original Petition states she seeks monetary relief over $1,000,000.[18] Therefore, the evidence is sufficient for Defendants to meet their burden to prove the amount in controversy removal requirement of $75,000.

## **CONCLUSION**

17. Based on diversity of citizenship and satisfaction of the amount in controversy requirement, removal to Federal Court is proper.[19] Plaintiff is a citizen of the State of Texas. Neither of the named Defendants are citizens of the State of Texas. Diversity of citizenship is clear from the pleadings and evidence.

WHEREFORE PREMISES CONSIDERED, based on the Petitions, evidence and the diverse citizenships of the proper parties, this Court therefore has original jurisdiction of this action under 28 U.S.C. § 1332 and removal of the action to this Court is proper under 28 U.S.C. § 1441(a).

---

[14] *Id.*
[15] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–55 (5th Cir. 1998).
[16] *Id.*
[17] *See* Exhibit A.
[18] *Id.*
[19] 28 U.S.C. § 1332(a); *Darden*, 200 F.3d at 755.

Respectfully submitted,

By: */s/ Larry J. Goldman*
LARRY J. GOLDMAN
"Attorney in Charge"
Federal ID No. 341
State Bar No. 08093450

GOLDMAN & PETERSON, PLLC
10100 Reunion Place, Suite 800
San Antonio, Texas 78216
Telephone:	(210) 340-9800
Facsimile:	(210) 340-9888

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this 8th day of October, 2021.

Mr. Rolando Salinas
KNICKERBOCKER HEREDIA SALINAS & SALINAS, P.C.
468 Main Street
Eagle Pass, Texas 78249
Rolando.salinas@knicklaw.com

*/s/ Larry J. Goldman*
LARRY J. GOLDMAN